UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES F. BROOMFIELD, JR.,

    Petitioner,

v.                                  Case No: 2:16-cv-42-FtM-29CM
                                    Case No. 2:13-CR-55-FTM-29UAM

UNITED STATES OF AMERICA,

    Respondent.

_____

## **OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion for Bond Pending 2255 (Doc. #12) filed on August 9, 2017. Petitioner seeks bond pending a determination of his § 2255 petition because he has a likelihood of success on the merits, and exceptional circumstances exist. Petitioner argues that if the ACCA enhancement to his sentence is removed, and his sentence reduced, he would be eligible for release to a halfway house next month. Petitioner argues that the second degree felony conviction for possession of cocaine in Lee County Circuit Court pursuant to Fla. Stat. § 893.12(1)(a) is no longer a qualifying predicate offense because the *mens rea* element was eliminated, and mere possession is not a qualifying felony offense for purposes of the ACCA. Petitioner argues that without this conviction, he does not have three qualifying prior felony drug convictions. This specific argument was not raised in the pending 2255, and therefore was not

previously briefed.  Even if the Court were to consider the argument, it is without merit and foreclosed by United States v. Smith,

> Section 893.13(1) of the Florida Statutes is both a "serious drug offense," 18 U.S.C. § 924(e)(2)(A), and a "controlled substance offense," U.S.S.G. § 4B1.2(b). Neither definition requires that a predicate state offense includes an element of *mens rea* with respect to the illicit nature of the controlled substance.

775 F.3d 1262, 1268 (11th Cir. 2014).  Petitioner also argues that he is not a flight risk, he was a caregiver and provider before his incarceration, and that he has successfully completed 10 classes and avoided disciplinary action while incarcerated.  This additional information does not support a finding that release on bond pending review is appropriate in this case.

Accordingly, it is hereby

**ORDERED:**

Petitioner's Motion for Bond Pending 2255 (Doc. #12) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___11th___ day of August, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA