UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES F. BROOMFIELD, JR.,

    Petitioner,

v.                                  Case No: 2:16-cv-42-FtM-29CM
                                Case No. 2:13-CR-55-FTM-29UM
UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND ORDER

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #81)[1] filed on January 25, 2016. The government filed a Response in Opposition to Motion (Cv. Doc. #9) on April 6, 2016. For the reasons set forth below, the motion is denied.

**I.**

On May 1, 2013, a federal grand jury in Fort Myers, Florida returned a one count Indictment (Cr. Doc. #1) charging petitioner with possession of an AR-15 firearm and PMC 223A ammunition after having been convicted of felony offenses, in violation of 18 U.S.C. § 922(g)(1) and § 924(e). The Indictment identified three Florida

---

[1]The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

state court cases which resulted in felony convictions: (1) Case No. 06-CF-014986: a conviction for possession of cocaine with intent, in violation of Fla. Stat. § 893.13; (2) Case No. 04-CG-002539: convictions for sale/delivery of controlled substance within 1,000 feet of a school and possession of cocaine, both in violation of Fla. Stat. § 893.13,; and (3) Case No. 04-CF-002540: convictions for sell/manufactured/delivered within 200 feet of public housing and possession of cocaine, both in violation of Fla. Stat. § 893.13. On September 5, 2013, a jury found petitioner guilty of possession of both the AR-15 rifle and the PMC 223A ammunition. (Cr. Doc. #50.)

The Presentence Report (PSR) (Cr. Doc. #59) found petitioner qualified under the Armed Career Criminal Act (ACCA) by virtue of the prior convictions listed in the Indictment. (Cr. Doc. #59, ¶ 21.) The effect of an ACCA enhancement is to increase the statutory penalty from a maximum ten years imprisonment to a mandatory minimum of fifteen years imprisonment, and to increase the Sentencing Guidelines sentence calculation. The Sentencing Guidelines range was calculated at 188 to 235 months imprisonment (Id. at ¶ 74.)

On December 16, 2013, the Court sentenced petitioner to 180 months imprisonment, followed by a term of supervised release.

(Cr. Doc. #58.) Judgment (Cr. Doc. #60) was filed on December 17, 2013.

Petitioner filed a direct appeal (Cr. Doc. #62) raising several issues, including: (1) whether the government adequately authenticated a video clip of petitioner in possession of a firearm; and (2) whether the trial court erred in determining that petitioner's three prior predicate convictions occurred on different occasions for purposes of the ACCA. On December 3, 2014, the Eleventh Circuit affirmed petitioner's conviction and sentence, but remanded for the limited purpose of correcting a clerical error in the judgment regarding the date the offense concluded. (Cr. Doc. #77); United States v. Broomfield, 591 F. App'x 847 (11th Cir. 2014). The Corrected Judgment was issued on January 16, 2015. (Cr. Doc. #79.)

On March 30, 2015, a Petition for a writ of certiorari was denied. Broomfield v. United States, 135 S. Ct. 1726 (2015).

## II.

Petitioner asserts four claims of ineffective assistance of counsel. Petitioner asserts that his trial attorney provided ineffective assistance because counsel (1) failed to object to the ACCA enhancement on the basis that the underlying state convictions were not proper predicate convictions since possession of cocaine is not a "serious drug offense" under the ACCA (Ground One); (2)

did not allow petitioner to testify as to the authenticity of the government's video exhibit, which would have resulted in an acquittal (Ground Two); and (3) failed to negotiate a guilty plea agreement without the ACCA enhancement (Ground Four). Petitioner also claims that his appellate attorney provided ineffective assistance because counsel failed to argue that the ACCA enhancement was unconstitutional under its residual clause, and instead incorrectly argued that a valid statute was unconstitutional (Ground Three).

**A. Evidentiary Hearing Standard**

A district court shall hold an evidentiary hearing on a habeas corpus petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b). "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (citation omitted). However, a district court is not required to hold an evidentiary hearing where the petitioner's allegations are patently frivolous, based upon unsupported

generalizations, or affirmatively contradicted by the record. Id. at 715.

A hearing is not necessarily required whenever ineffective assistance of counsel claims are asserted. Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008). To establish entitlement to an evidentiary hearing for such claims, petitioner must "allege facts that would prove both that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance." Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015).

**B. Ineffective Assistance of Counsel Standard**

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness, and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. Hinton v. Alabama, ___ U.S. ___, 134 S. Ct. 1081, 1087-88 (2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) and Padilla v. Kentucky, 559 U.S. 356, 366 (2010)). "Because a petitioner's failure to show either deficient performance or prejudice is fatal to a

Strickland claim, a court need not address both Strickland prongs if the petitioner fails to satisfy either of them." Kokal v. Sec'y, Dep't of Corr., 623 F.3d 1331, 1344 (11th Cir. 2010) (citations omitted).

The proper measure of attorney performance is simply reasonableness under prevailing professional norms considering all the circumstances. Hinton, 134 S. Ct. at 1088 (citations omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. See also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (the Court looks to facts at the time of counsel's conduct). This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Rose v. McNeil, 634 F.3d 1224, 1241 (11th Cir. 2011); Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992);

Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989).

The same deficient performance and prejudice standards apply to appellate counsel. Smith v. Robbins, 528 U.S. 259, 285-86 (2000); Roe v. Flores-Ortega, 528 U.S. at 476-77. If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal. If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice. Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997). Nonmeritorious claims which are not raised on direct appeal do not constitute ineffective assistance of counsel. Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).

## III.

**A. Evidentiary Hearing**

As set forth below, the record of the case establishes that petitioner is not entitled to relief on any of the asserted grounds. The Court finds that an evidentiary hearing is not warranted.

**B. Ineffective Assistance of Trial Counsel Claims**

**(1) Ground One: Failure to Challenge ACCA Predicate Offenses**

Petitioner argues that trial counsel provided ineffective assistance by failing to argue that "possession of cocaine" did not qualify as a serious drug offense under the ACCA. Had counsel

done so, petitioner argues, his sentence would not have been enhanced under the ACCA.[1]

A defendant convicted of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g) generally faces a maximum statutory penalty of ten years imprisonment. 18 U.S.C. § 924(a)(2). A defendant who has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another" shall be imprisoned for not less than fifteen years. 18 U.S.C. § 924(e)(1). The Indictment cited § 924(e) and identified five prior felony convictions, three of which qualified as "serious drug offenses."

Upon receipt of the initial Presentence Report, counsel submitted several objections, including to the offense level computation, the calculation of criminal history absent Shepard[2] approved documents, and the application of the ACCA enhancement. (Doc. #59, pp. 25-28.) Counsel's primary focus was that the ACCA requires that the three predicate offenses be committed on different occasions from one another, and that the government could

---

[1] The Government argues that this issue is procedurally defaulted because petitioner failed to assert that his prior convictions were not "serious drug offenses" either in the district court or the court of appeals. While the substantive issue was not raised, the claim of ineffective assistance of counsel is not procedurally defaulted. Massaro v. United States, 538 U.S. 500 (2003).

[2] Shepard v. United States, 544 U.S.C 13, 26 (2005) (limiting examination for the modified categorical approach).

not establish that any, much less all, occurred on separate occasions. (Doc. #55, p. 22; Doc. #57.) Defense counsel did not argue that there were not three prior convictions which qualified as "serious drug offenses."

The final Presentence Report asserted that petitioner qualified under the ACCA based upon the convictions set forth in the Indictment. (Cr. Doc. #59, ¶ 21.) At sentencing, among other things, counsel objected to the ACCA enhancement without proof of the prior convictions by Shepard-approved documents. (Cr. Doc. #71, pp. 8, 10.) The government agreed that Shepard documents were required to establish petitioner's qualification for the ACCA, and introduced certified copies of the Information and Judgment in each of the three cases identified in the Indictment. (Id. at 10; Gov't Exhs. 1, 2, 3.) These Shepard-approved documents established the following:

Case No. 06-CF-014986: The two-count Information charged petitioner with the following offenses:

> 1. On or About February 21, 2006 in Lee County, Florida, [petitioner] did unlawfully possess, with the intent to sell or deliver, a controlled substance, to-wit: cocaine, contrary to Florida Statute 893.13(1)(a),
>
> 2. On or About February 21, 2006 in Lee County, Florida, [petitioner] did drive a motor vehicle upon a highway having no valid driver[']s license, contrary to Florida Statute 322.03. . . .

(Doc. #61, Exh. 3). The Judgment reflects that petitioner entered a plea of nolo contendere, and he was adjudicated guilty for both offenses. (Id.)

Case No. 04-CF-002540: The two-count information charged petitioner with the following offenses:

> 1. On or About September 18, 2004 in Lee County, Florida, [petitioner] did unlawfully sell or deliver a controlled substance, to-wit: cocaine, in on or within 1000 feet of the real property comprising a Public Housing Facility contrary to Florida Statute 893.13(1)(f),
>
> 2. On or About September 18, 2004 in Lee County Florida, [petitioner] did unlawfully have, in his actual or constructive possession, a controlled substance, to-wit: cocaine, contrary to Florida Statute 893.13(6)(a).

(Doc. #61, Ex. 1.) The Judgment reflects that petitioner entered a plea of nolo contendere as to both offenses, and he was adjudicated guilty for both offenses. (Id.)

Case No. 04-CF-002539: The two-count information charged petitioner with the following offenses:

> 1. On or About September 08, 2004 in Lee County, Florida, [petitioner] did unlawfully sell or deliver a controlled substance, to-wit: cocaine, within 1,000 feet of the real property comprising a public or private elementary, middle, or secondary school between the hours of 6:00 a.m. and 12:00 a.m., contrary to Florida Statute 893.13(1)(e),
>
> 2. On or About September 08, 2004 in Lee County Florida, [petitioner] did unlawfully have,

> in his actual or constructive possession, a controlled substance, to-wit: cocaine, contrary to Florida Statute 893.13(6)(a).

(Doc. #61, Ex. 2.) The Judgment reflects that petitioner was tried and found guilty by jury and adjudicated guilty for both offenses. (Id.)

A "serious drug offense" under the ACCA means an offense under State law that involves "manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). While possession of cocaine is a felony under Florida law for purposes of § 922(g), it is not a "serious drug offense" for purposes of the ACCA, because it does not involve manufacturing, distributing, or possessing with intent to manufacture or distribute, as required by 18 U.S.C. § 924(e)(2)(A)(ii).

The Florida statute under which petitioner was convicted in each of the three cases, Fla. Stat. § 893.13(1), is a divisible statute which creates separate offenses for selling, manufacturing, delivering, or possession with intent to sell, manufacture, or deliver a controlled substance, and therefore a modified categorical approach is utilized. Spaho v. U.S. Att'y General, 837 F.3d 1172, 1177 (11th Cir. 2016). The Shepard-approved documents establish that the three convictions under Fla.

Stat. § 893.13(1) are "serious drug offenses" under the ACCA. Spaho, 837 F.3d at 1177; United States v. Smith, 775 F.3d 1262, 1268 (11th Cir. 2014) (conviction under Fla. Stat. § 893.13(1) qualifies as a "serious drug offense" under the ACCA); United States v. Joyner, 882 F.3d 1369, 1377 n.4 (11th Cir. 2018) (citing Smith).

The Court finds no ineffective assistance of trial counsel because, not counting the possession of cocaine convictions, petitioner had three prior convictions which qualified as serious drug offenses under the ACCA. Therefore, the ACCA was properly applied to petitioner, who has failed to establish any prejudice. Ground One is denied.

**(2) Ground Two: Failing to Allow Petitioner to Testify**

Petitioner argues that trial counsel provided ineffective assistance because counsel failed to allow petitioner to testify, and petitioner could have testified as to the authenticity of the government's video, resulting in his acquittal.

At trial, the government sought to submit a YouTube video of petitioner in possession of the firearm on January 21, 2011, at the Fowler gun range. The District Court found that the government could at least circumstantially establish the authenticity of the video to the extent that it was what they claimed it was, and it was of petitioner. (Cr. Doc. #69, p. 168.) The Court allowed the

viewing of the video, with sound, but without the transcript and without testimony as to the upload date of the video. (Id., pp. 176-177.) Defense counsel cross examined Agent Ryan Davis regarding his lack of personal observation, noting that the video was a compilation of cuts and edits and not a continuous sequence of events. (Id., pp. 186-187.)

On appeal, the Eleventh Circuit found sufficient evidence on the record to support the determination that the video was properly authenticated "[b]ecause authentication may occur solely through the use of circumstantial evidence, the government met its burden of presenting a *prima facie* case that the video depicted Broomfield in possession of a firearm." United States v. Broomfield, 591 F. App'x 847, 851–52 (11th Cir. 2014).

After the government rested, the Court specifically advised petitioner of his right to testify as follows:

> . . . The government has rested, and it will be your turn to present evidence, if you wish to do so, tomorrow. As you heard me tell the jury repeatedly during the jury instructions, you don't have to present any evidence. One of the things that means is, you have the absolute constitutional right to testify on your own behalf, if you wish to do so. You also have the absolute constitutional right not to testify, if you don't wish to do so. That decision is yours, and yours alone. Your attorney can give you his advice, but you have to make that call. You don't have to decide right now. But sometime tomorrow, it looks like it's going to be your turn to either testify or not testify, and you'll have to

>       make a decision by that time. So I am not going
>       to ask you what you want to do now, but I just
>       want to make sure you understand your options.
>
>       Do you understand those?
>
>       THE DEFENDANT: Yes, sir.
>
>       THE COURT: Do you have any questions about
>       that?
>
>       THE DEFENDANT: No, sir.

(Id., pp. 232-233.)

The next day, defense counsel sought to admit a video he had created to show how it can be made to look like petitioner was shooting a gun. The Court admitted the video over objections of the government. (Cr. Doc. #70, pp. 22-24.) After testimony and cross-examination, counsel rested without having petitioner testify. (Id., p. 70.)

Petitioner now asserts that his attorney would not allow him to testify, that he had information about the authenticity of the government's video, and that he would have been acquitted if he had testified. Petitioner's conclusory statements fail to show any ineffective assistance of counsel.

It is clearly established "that a criminal defendant has a *fundamental* constitutional right to testify in his or her own behalf at trial. This right is personal to the defendant and cannot be waived either by the trial court or by defense counsel."

United States v. Teague, 953 F.2d 1525, 1532 (11th Cir. 1992) (emphasis in original).

> Where the defendant claims a violation of his right to testify by defense counsel, the essence of the claim is that the action or inaction of the attorney deprived the defendant of the ability to choose whether or not to testify in his own behalf. In other words, by not protecting the defendant's right to testify, defense counsel's performance fell below the constitutional minimum, thereby violating the first prong of the Strickland test. For example, if defense counsel refused to accept the defendant's decision to testify and would not call him to the stand, counsel would have acted unethically to prevent the defendant from exercising his fundamental constitutional right to testify.

Cuthbert v. United States, 296 F. App'x 904, 906 (11th Cir. 2008).

The Court informed petitioner of his right to testify, or to not testify, and that the decision was entirely his to make after advice of counsel. Petitioner acknowledged he understood these rights. The record reflects no further discussion after the government rested, and no statement from counsel as to any discussions that may have taken place regarding petitioner's right to testify, or how he was not allowed to testify. A petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Petitioner has failed in this

endeavor. The Court finds that no ineffective assistance of counsel has been shown because petitioner cannot show prejudice. Therefore, Ground Two will be denied.

### (3) Ground Four: Plea Negotiation

Petitioner asserts that he would have pled guilty to the charge if counsel had obtained a plea agreement which eliminated the ACCA enhancement. Counsel's failure to obtain such an agreement, petitioner asserts, constitutes ineffective assistance. This argument is without merit because no such plea agreement would be legal.

A defendant in a criminal case is entitled to effective assistance of counsel during plea negotiations. Lafler v. Cooper, 566 U.S. 156, 162 (2012). For a claim that a plea would have been accepted but for counsel's ineffectiveness, "a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." Id. at 164.

Here, no such plea offer was made by the government, and nothing defense counsel could do could effectuate such an agreement. The Court is required to apply the ACCA enhancement in every case where it applies, whether the government is seeking such an enhancement or not. Section § 924(e) provides for mandatory enhancement. <u>United States v. Cobia</u>, 41 F.3d 1473, 1476 (11th Cir. 1995). The Court would not have accepted a plea agreement that purported to eliminate the ACCA enhancement. As discussed above, with three prior qualifying serious drug offenses, the ACCA requires a mandatory sentence of at least 15 years. The enhancement was not subject to negotiation, and therefore petitioner suffered neither deficient performance nor prejudice. Ground Four is denied as without merit.

**C. Ineffective Assistance of Appellate Counsel**

Petitioner also claims that his appellate attorney provided ineffective assistance because the initial brief fell below an objective standard of reasonableness by pursuing an argument foreclosed by case law, and by failing to argue that the ACCA enhancement was unconstitutional under the residual clause. For the reasons stated below, the Court finds neither claim is meritorious.

Petitioner's reliance on the residual clause of the ACCA is misplaced. The arguments about the residual clause relate to the

residual clause of the statutory definition of "violent felony" under the ACCA.  Petitioner's predicate offenses were all "serious drug offenses" under 18 U.S.C. 924(e)(2)(A), which has no such residual clause.  As a result, a Johnson v. United States, 135 S. Ct. 2551, 2574 (2015), argument would have had no merit and there can be no deficient performance or prejudice for failing to raise the issue.

Although the arguments that the felon in possession statute is unconstitutional and the sentence was unconstitutional are both foreclosed by binding precedent, petitioner was not prejudiced by counsel raising the issues simply to preserve the arguments. Ground Three will be denied as without merit.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.  Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #81) is **DENIED** on all grounds.

2.  The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.**  A prisoner seeking a writ of habeas

corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this ___26th___ day of March, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA